# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO REYES,<br><br>                               Plaintiff,<br><br>v.<br><br>BUREAU OF INDIAN AFFAIRS, SOUTHERN CALIFORNIA AGENCY,<br><br>                             Defendant. | Case No.: 17cv1192-JLS (JMA)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING SERVICE**<br><br>(ECF No. 2) |

Presently before the Court are Plaintiff Emilio Reyes's Complaint for a *Vaughn* Index, (ECF No. 1), and Motion to Proceed *In Forma Pauperis* ("IFP Mot."), (ECF No. 2). The Court first addresses Plaintiff's IFP Motion and then evaluates Plaintiff's Complaint.

## IFP MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party

submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that his sole source of income comes from his employment at Premier Dealer Services and totals $2,500.00 per month. (IFP Mot. 2.) However, Plaintiff has two nieces who allegedly rely on him for support, (*id.* at 3), and Plaintiff's expenses total approximately $2,380.00 per month, (*id.* at 3–5). Given the foregoing, the Court finds that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (explaining that a plaintiff need not "be absolutely destitute to enjoy the benefit of the statute"). Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In the present case, Plaintiff requested certain documents under the Freedom of Information Act ("FOIA"), nine of which "have been partially redacted." (Compl. 3.) Plaintiff now seeks a *Vaughn*[1] index in order to "permit[] the plaintiff to test the bases for

---

[1] As the Ninth Circuit recently explained:

> A "*Vaughn* index" is a document supplied by government agencies to opposing parties and the court that identifies "each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption," and the index is designed to provide reasoning against which the requester can offer effective advocacy and a basis for the court to reach a reasoned decision. *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991). . . . . The term derives from the D.C. Circuit's decision in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

the government's exemption claims." (*Id.*) Plaintiff further specifies that "[t]he precise documents to which plaintiff seeks access are contained in an online request dated September 7, 2016 to the Indian Affairs FOIA Office." (*Id.* at 2.) This provides Defendant with sufficient information regarding Plaintiff's claim, and is therefore sufficient to survive the Court's *sua sponte* screening.

## CONCLUSION

Given the foregoing, the Court:

1. **GRANTS** Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 1, 2).

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("USM Form 285s") for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2).

/ / /

---

*Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 769 n.4 (9th Cir. 2015).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon each Defendant, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: June 20, 2017

Hon. Janis L. Sammartino
United States District Judge